RECORD NO. 14-4257

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## STEPHEN MAURICE BURKS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND**

---

**REPLY BRIEF OF APPELLANT**

---

Gregory B. English
ENGLISH LAW FIRM, PLLC
601 King Street, Suite 406
Alexandria, Virginia 22314
(703) 739-1368

*Counsel for Appellant*

# TABLE OF CONTENTS

                                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................... ii

SUMMARY OF ARGUMENTS ..............................................................................1

ARGUMENTS .........................................................................................................2

    I.    THE UPWARD DEPARTURE BASED ON THE APPELLANT'S CRIMINAL HISTORY WAS NOT JUSTIFIED ........................................................................................2

    II.    THE APPELLANT DID NOT WAIVE HIS RIGHT TO APPEAL HIS FAILURE TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING ............................3

    III.    THE APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING ....................5

CONCLUSION ........................................................................................................7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASE**

United States v. Craig,
    985 F.2d 175 (4th Cir 1993) ...........................................................................3

**OTHER AUTHORITY**

"Justice to Amend Competent Counsel Waiver Practices" published by the
Washington Post ..............................................................................................3

## SUMMARY OF ARGUMENTS

I. Appellant stands on the arguments made on his Opening Brief regarding the upward departure based on his criminal history.

II. Even if appellant has waived his right to appeal the upward departure in his criminal history, this waiver does not apply to the ineffective assistance of counsel issue.

III. The trial record conclusively establishes the ineffectiveness of appellant's attorney at sentencing.

## ARGUMENTS

**I.    THE UPWARD DEPARTURE BASED ON THE APPELLANT'S CRIMINAL HISTORY WAS NOT JUSTIFIED.**

Appellant stands on the submissions contained in his Opening Brief.

## II. THE APPELLANT DID NOT WAIVE HIS RIGHT TO APPEAL HIS FAILURE TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.

In its brief, the United States argues that the appellant knowingly and intelligently waived his right to appeal an upward departure in his sentence. Brief at 5ff. Assuming, <u>arguendo,</u> that assertion is true, the government does not contend that this waiver extends to the ineffective assistance of counsel issue which we also raised. Moreover, this court should not construe any such waiver as applying to this issue. As this court held in <u>United States v. Craig</u>, 985 F.2d 175, 178 (4th Cir 1993), an otherwise valid waiver of appeal does not preclude a defendant from challenging the ineffectiveness of counsel. We also note that in an article entitled "Justice to Amend Competent Counsel Waiver Practices" published by the <u>Washington Post</u> in its October 15, 2014 edition at page A3 states that the Justice Department policy is that it will no longer ask criminal defendants who plead guilty to waive their right to claim that their attorney was ineffective. The article quoted Attorney General Eric H. Holder, Jr. as saying that this change is an attempt to ensure that all individuals who face criminal charges are ably represented. The article further stated that this policy instructs federal prosecutors to stop enforcing waivers that have already been signed in cases where defense counsel provided ineffective assistance. This reinforces our conclusion that

appellant clearly did not waive his right to assert the ineffectiveness of his trial defense counsel at sentencing.

### III. THE APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING.

In its brief the prosecution asserts that the record does not establish that appellant's trial counsel was ineffective. Brief at Page 14. The prosecution correctly notes that an ineffective assistance issue may be addressed on direct appeal "only if it conclusively appears from the record that counsel did not provide effective assistance." Id. at 14 (citation deleted). The prosecution also noted "…the record is silent as to explanations from trial counsel about her reasons for not raising these two sentencing issues. "Id. at 15.

We respectfully submit there is absolutely nothing the appellant's court-appointed trial counsel could offer as an explanation which could justify her dereliction in failing to request the court order that the defendant receive a psychological evaluation. The record clearly suggests that Mr. Burks suffered from PTSD. If proven by a competent diagnosis, this fact would have justified a downward variance. Moreover, such a diagnosis could have caused the appellant to be incarcerated at a BOP psychiatric facility where he could receive treatment while he is in prison.

In addition, his counsel failed to develop the record regarding Mr. Burks substance abuse history which could have been a mitigating factor at sentencing. Moreover, a proper record could have justified Mr. Burks being admitted to the BOP 500 hour drug rehabilitation program which would have taken a year off of

5

his sentence once it was completed. There is absolutely no justification possible for these failures, so this issue should be considered by this court.

## CONCLUSION

For the foregoing reasons, this court should set aside appellant's sentence and remand this case to the United States District Court for resentencing.

Respectfully submitted,

 */s/ Gregory B. English*
Gregory B. English
The English Law Firm, PLLC
601 King Street, Suite 406
Alexandria, Virginia 22314
(703) 739-1368
gbeuva@gmail.com
*Counsel for Appellant*
*(Appointed by this Court)*

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*661*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: October 27, 2014                    /s/ Gregory B. English
                                           *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 27th day of October, 2014, I electronically filed this Reply Brief of Appellant with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following CM/ECF users:

AUSA Jessica D. Aber
OFFICE OF THE U.S. ATTORNEY
600 East Main Street, 18th floor
Richmond, Virginia 23219
(804) 819-5400
Jessica.D.Aber@usdoj.gov

*Counsel for Appellee*

I further certify that on the 27th day of October, 2014, I have caused the required number of paper copies of this Reply Brief of Appellant to be hand filed with the Clerk of this Court.

/s/ Gregory B. English
*Counsel for Appellant*